UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHNNY TIMOTHY DRIVER,

                Petitioner,

-vs-                              Case No.  5:09-cv-395-Oc-31GJK

SECRETARY, DEPARTMENT OF
CORRECTIONS, et. al.,

                Respondents.
_____

## ORDER DISMISSING PETITION

Petitioner initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).  Petitioner challenges his 2006 conviction in Marion, County Florida. The Petition, the Response to the Petition and the record submitted with the Response, and the other pleadings demonstrate that an evidentiary hearing is not warranted in this case, and the Court may resolve the Petition on the basis of the record. See Habeas Rule 8(a).  Petitioner did not file a Reply to the Response, and the time for doing so has elapsed.

## Conviction and Sentence

In October 1987, Petitioner was sentenced to two counts of attempted sexual battery in Pinellas County, Florida.  The written judgment and sentence reflect that Petitioner was sentenced to twenty-five (25) years incarceration on each count, to be served concurrently as a habitual felony offender.  Petitioner filed a Motion to Correct Illegal Sentence pursuant

to Florida Rule of Criminal Procedure 3.800, which the trial court denied.  On appeal, the Fifth District Court of Appeal (Fifth DCA) reversed the judgment and remanded for re-sentencing.  On June 8, 1998, the trial court entered an order re-sentencing Petitioner to the statutory maximum of fifteen (15) years in the Department of Corrections with credit for time served.  Petitioner was released from prison approximately ten (10) days after the order was entered.

Following his release, Petitioner was charged in Marion, County Florida with failure to comply with the sex offender reporting requirements in violation of Florida Statute § 943.0435,[1] and violation of probation for the same conduct.  On February 28, 2006, Petitioner entered pleas of guilty for both the violation of probation and the failure to comply with the reporting requirements charge.  The state court sentenced Petitioner to 56.55 months incarceration.

The Fifth DCA granted Petitioner a belated appeal.  Petitioner's counsel filed a Motion to Correct Sentencing Error with the trial court, arguing that Petitioner should not have been subject to the reporting requirements.  Specifically, counsel claimed that if Petitioner was not serving an illegal sentence he would have been released from prison before the reporting requirements were first instituted in 1997. The trial court conducted a hearing on the issue, and subsequently denied the Motion relying on the opinion in Newsom v. State, 869 So. 219 619 (Fla. 5th DCA 2004).  (Doc. 10, Ex. F).

---

[1]It is undisputed that the failure to comply with the sexual offender reporting requirements stemmed from the Pinellas, County attempted sexual battery case.  See Doc. 8.

Petitioner appealed, and his counsel filed a brief in compliance with <u>Anders v.</u> <u>California</u>, 386 U.S. 738 (1967), and Petitioner filed a *pro se* initial brief arguing that his trial counsel's performance was ineffective for failing to obtain documentation to prove that he should not have been subject to the reporting requirements had it not been for the illegal sentence.  Petitioner also argued that the conviction violated the "Ex Post Facto Clause" of the United States Constitution.  On June 10, 2008, the Fifth DCA affirmed the denial of the Motion to Correct Sentencing Error.  Mandate issued on June 27, 2008.

On July 1, 2008, Petitioner filed a Florida Rule of Criminal Procedure 3.850 Motion for Post-conviction Relief arguing that counsel was ineffective for failing to obtain documentation to demonstrate that he did not qualify for the reporting requirements.  The trial court denied the motion finding that the issue had already been decided upon consideration of the Motion to Correct Sentencing Error.  The Petitioner appealed the denial to the Fifth DCA, and the decision was affirmed.  Mandate issued on December 17, 2008.  On December 12, 2009, Petitioner was released from prison.

On September 2, 2009, Petitioner executed his federal Petition for Writ of Habeas Corpus, which is before the Court for review.  While Petitioner has been released from prison, he challenges his 2006 state court convictions.  (Doc. 1).

## Timeliness of Petition/Exhaustion

Respondents concede that the Petition in this case was timely filed within the one-year limitation period provided by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, and that Petitioner exhausted his claims in state court. (Doc. 8)

## Standard of Review

Pursuant to the AEDPA, the role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited.[2]  Specifically, a federal court must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding."[3]  The "contrary to" and "unreasonable application" clauses provide separate bases for review.[4]

## Discussion

As an initial matter, the chief purpose of the writ of habeas corpus is to release a person from incarceration.  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  Habeas corpus relief is available under Section 2254 to a person who is challenging his or her

---

[2] See Williams v. Taylor, 529 U.S. 362, 403-404, 120 S.Ct. 1495, 1518-19 (2000).

[3] See 28 U.S.C. § 2254(d)(1)- (2).

[4] Wellington v. Moore, 314 F.3d 1256, 1260-61 (11th Cir. 2002).

4

custody pursuant to the judgment of a state court only on the ground that he or she is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. §2254(b)(1)(A).

In the instant case, Petitioner requests that the Court reverse both of his convictions that relate to his failure to report as a sexual offender in violation of the Florida Statutes, and "direct the Florida circuit court of Marion County of the non-application of such to Petitioner." (Doc. 1).  In light of the fact that Petitioner has already served his sentence for these convictions and has been released from prison, he is no longer in custody by virtue of the convictions he is challenging and habeas relief is not appropriate.

To the extent that Petitioner's claims are properly before the Court pursuant to a federal petition for writ of habeas corpus, the Court will address the merits of Petitioner's arguments.  In Ground One of the Petition, Petitioner claims that the trial court violated his Constitutional protection against an ex post facto application of Fla. Stat. § 943.0435 - Florida's Statute Requiring Sexual Offenders to Register.  (Doc. 1).  As stated in this order, the state court rejected this claim.  Specifically, the trial court denied Petitioner's argument based on the Fifth DCA's opinion in Newsom.[5]  In Newsom, the defendant served an illegal

---

[5]869 So.2d 619 (Fla. Fifth DCA 2004).

5

sentence which was not corrected until after the reporting requirement came into effect.[6] Id. at 620.

The defendant in Newsom relied on State v. Atkinson, 831 So.2d 172 (Fla. 2002)[7] in support of his challenge to his conviction for violating the registration and reporting requirements of Fla. Stat. 943.0435 (1998).  Id. The issue in Atkinson was whether the language of the Jimmy Ryce Act could be applied to a person who, although in custody, was not in lawful custody at the time of the Act's passage.  Id. The Florida Supreme Court in Atkinson held that the Jimmy Ryce Act is limited to persons who were in lawful custody on its effective date.  Id.

The court in Newsom found Atkinson to be distinguishable for two reasons.  Id. at 620-621.  First, the language of Section 943.0435 plainly states that the Reporting Act applies to persons who are released on or after October 1, 1997, and "its literal interpretation leads to a result that is neither harsh, absurd, nor unreasonable."  Id. Second, in Atkinson, there were no circumstances under which the defendant legally could have been held until the date on which the Jimmy Ryce Act took effect.  Id. at 621.  The defendant's release in Newsom prior to the effective date of the Reporting Act could only

---

[6]According to Florida Statute 943.0435, the reporting requirements apply to persons released on or after October 1, 1997 from the sanction imposed for any conviction of an [enumerated offense].

[7]The Florida Supreme Court has since held that unlawful detention does not strip the court of jurisdiction because of subsequent amendments to the sexual predator civil commitment statutes.  See Tanguay v. State, 880 So.2d 533, 537 (Fla. 2004).

have been accomplished through the operation of administrative gain time.  Id. Accordingly, the Fifth DCA affirmed the judgment.  Id.

In the instant case, it appears that Respondent argues that the state court's reliance on Newsom was appropriate in that if Petitioner would have been released prior to the enactment of the Reporting Act, it would have only happened through the operation of gain time.[8]  (Doc. 8).  Respondent contends that there is no violation of the Ex Post Facto Clause.  Id.

Upon due consideration, the Court finds that this claim is due to be denied because Petitioner has failed to show that the state courts' determinations were contrary to, or an unreasonable application of federal law, or were decisions that were based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding.

Ground Two of the Petition is also due to be denied.  In Ground Two, Petitioner claims that his counsel was ineffective for failing to obtain records that would demonstrate the Florida reporting statute could not be applied to Petitioner without violating his Constitutional rights. In order to state a successful ineffective assistance of counsel claim, Petitioner must show that his attorney's performance fell below an objective standard of

---

[8]Petitioner was originally sentenced in 1987, and was re-sentenced in 1998 to fifteen (15) years with credit for time served.  (Doc. 1).  The Reporting Act became effective in 1997.  The record in this case is not clear as to whether Petitioner was released approximately ten (10) days after the court entered the re-sentencing order because of gain time. See Doc. 10, Ex. F.

reasonableness and that the attorney's deficient performance prejudiced the defense.[9] Both prongs must be shown in order to succeed on an ineffective-assistance claim.

When reviewing an ineffective assistance of counsel claim, the court's role "is not to grade counsel's performance;" instead, the court's role is to conduct an objective inquiry and determine "whether counsel's performance [was] reasonable under prevailing professional norms." Chandler v. United States, 218 F.3d 1305, 1312-13 (11th Cir. 2000) (internal quotations and citation omitted).   Therefore, "[j]udicial scrutiny of counsel's performance must be highly deferential."   Id. at 1314.   "Courts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment."   Id.   "To overcome the strong presumption in favor of competence, the petitioner bears the burden of establishing "that no competent counsel would have taken the action that his counsel did take."   Id. at 1314-15.

The state court denied Petitioner's claim, which was raised in his 3.850 motion, finding that the record actually reflects that counsel had a copy of the original sentence and the amended judgment at the hearing on the Motion to Correct Sentence.  (Doc. 10, Ex. M).  The court also stated that the crux of Petitioner's argument is the challenge to the legality of the sentences for failing to report. Id. The court found that the challenge had already been addressed in consideration of Defendant's Motion to Correct Sentencing

---

[9] Strickland v. Washington, 466 U.S. 668, 688  (1984).

Error, which was denied.  Based on the foregoing, the state court denied Petitioner's claim that his counsel was ineffective.  Id.

Further, a review of the record reflects that counsel represented to the court that she did have paperwork regarding the illegal sentence at the violation of probation hearing (Doc. 10, Ex. B), that she had a copy of the original sentence and the amended judgment at the hearing on the Motion to Correct Sentence, and that she explained at length Petitioner's position regarding his challenge to the legality of his offenses at both hearings. (Doc. 10, Ex. B, F).

The Court finds that Petitioner has not demonstrated that his trial counsel's performance fell below an objective standard of reasonableness, and that the attorney's performance prejudiced the defense.  Petitioner has failed to show that the state court's determination that his counsel was not ineffective was contrary to, or an unreasonable application of, federal law.

## Conclusion

For the foregoing reasons, the Petition (Doc. 1)  is **DISMISSED** with prejudice. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

DONE and ORDERED at Orlando, Florida this 5th day of March, 2011.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:      Johnny Timothy Driver
                      Counsel of Record